The opinion of the court on the demurrer was delivered by Chancellor Rutledge, as follows:
The complainant is a creditor of D. Campbell, and ' his bill seeks a discovery from defendant, respecting certain usurious transactions which he alleges have taken place between Campbell and defendant, and also with several other persons; likewise a discovery whether the bonds and mortgages in bill referred to, were not founded on usurious considerations, and obtained from complainant by coercion, and when in such necessitous circumstances, that he was obliged to make the contract to relieve himself from his embarrassments. Defendant has demurred to such parts of the bill as call upon him to discover whether complainant had not at various times borrowed considerable sums of money from him and other persons, on usury or at exorbitant interest. To the other parts of the bill which relate to the bonds and mortgages, he has answered partly. The demurrer is now the only subject for determination.
If a bill had been filed by' D. Campbell himself, containing the charges set forth in this, the case would have worn a different aspect, and defendant might perhaps have been compelled to answer. But the complainant being a creditor, and the defendant standing in the same situation, and Campbell himself not appearing to be dissatisfied with his contract, and not seeking to set it aside — > if the court, upon the bare suggestion of one creditor, were to allow of an investigation of transactions between debtor and creditor, without any charge of fraud, it would be productive of infinite litigation. No fraud being charged in this transaction, and defendant having answered that part of the bill which relates to the consideration for which the bond and mortgages were given him by D. Campbell, the court are of opinion that it is by no mean? *279 'necessary or raatcn .u Nr him to answer that part of the bill respecting any prior usurious transactions between hi in and D. Campbell, if there were any, but more especially such as may have taken place between him and other persons. Cases cited are good law when applicable, hut not so on the subject of the demurrer. How far they may apply on a discussion of the general question, will be determined when that is argued.
Note — In a subsequent term the court decreed on the merits, which depended on matters of fact, and much evidence was adduced.
For the decree itself, vide Decree book, No. 2, p. 326, delivered in April, 1806.
Demurrer must be sustained.